UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>IRAIN CRUZ GOMEZ<br><br>            Defendant. | CASE NO. CR22-05143-BHS-1<br><br>ORDER |

This matter is before the Court on defendant Cruz Gomez's motion to reduce his sentence, Dkt. 72.

On February 26, 2024, the Court sentenced Cruz Gomez to 54 months of custody following his guilty plea to Conspiracy to Distribute a Controlled Substance. Dkt. 69. The presentence investigation report indicated a criminal history score of zero. Dkt. 61. The Court did not apply an aggravating role adjustment and instead granted Cruz Gomez a two-point zero-point offender adjustment under USSG § 4C1.1(a)(1-10). SOR at 1.

Cruz Gomez, filing pro se, asks whether he qualifies for a reduced sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the Sentencing Guidelines. Dkt. 72.

The United States opposes the motion, arguing that Cruz Gomez already received the benefit of Amendment 821. Dkt. 75.

Final judgments generally "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010); *see* 18 U.S.C. § 3582(b). One such exception "in the case of a defendant who has been sentenced to a term of imprisonment that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c). The Commission enacted Amendment 821, recommending an adjustment for certain zero-point offenders, in November of 2023. *See* USSG § 4C1.1(a).

The Court concludes Cruz Gomez is ineligible for a reduced sentence. The Court sentenced him several months after Amendment 821 went into effect, and he has already received the benefit of Amendment 821's zero-point offender adjustment.

Therefore, it is hereby **ORDERED** that Cruz Gomez's Motion to Reduce his Sentence, Dkt. 72, is **DENIED**.

Dated this 23rd day of October, 2024.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 2